### IGNATIUS LEWSHITZ v MAGDALENA LEWSHITZ et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10328. Decided Dec 9, 1929

Dunlap, Stephens & Stephens, Cleveland, for Ignatius Lewshitz.

V. L. Conrad, Cleveland, for Magdalena Lewshitz.

LEMERT, PJ and SHERICK, J (5th Dist) sitting.

LEMERT, P.J.

We believe that this holding and ruling of the court below was error and reversible error for the reason that in the former suit the defendant in error was called upon to make good her cause of action for divorce and she must do so by all proper means within her control and that all matters within the scope of the former suit are put to rest by the final determination of that suit. 29 **O. C. R.** 429; 27 **OS.** 233 and 674; 28 **OS.** 596; 82 **OS.** 121.

Where a petition for divorce has been dismissed upon a hearing upon the merits in a case where the court had jurisdiction of the person and the subject matter, such order and judgment of dismissal is a bar to future proceedings in a new action in any court as to all grounds for divorce alleged in the petition so dismissed; or that were known to the plaintiff to exist at the time of the filing of such petition. **21 OS. 356.**

Counsel for defendant in error on the trial sought to avoid the plaintiff in error's plea in bar by an entry of the Common Pleas Court made on the 21st day of March, 1929 in this former suit, which entry was made nine months after the final disposition of this former suit in said court, which entry of March 21st, 1929, reads as follows:

"This case is dismissed by plaintiff without prejudice at costs of plaintiff for which judgment is rendered, record waived."

This entry we believe is without force or effect for the reason that there was no such action then pending in the Court of Common Pleas in which the court could make any entry. The entry finally disposing of the case was made by the Common Pleas Court on June 21, 1928, and this entry stands unaffected by the dismissal entry of March 21, 1929.

Thus finding and holding that the court below committed an error as hereinbefore explained, it is unnecessary in this opinion to comment upon the other assignments of error mentioned in plaintiff's petition in error but which were not stressed by plaintiff in error in oral argument in this case. It, therefore, follows, that the entry and judgment of the Common Pleas Court hereinbefore made is declared null and void and held for naught, and the finding and judgment of the Common Pleas Court is hereby reversed and judgment against defendant in error for costs. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.