## COOK v COOK

Ohio Appeals, 6th Dist, Lucas Co

No 2983.   Decided Dec 10, 1934

Tracy, Chapman & Welles, Toledo, for plaintiff in error.

John W. Hackett, Toledo, James M. Evans, Toledo, and Horwitz, Kieger, Gates & Harmel, for defendant in error.

KLINGER, J, (3rd Dist)
sitting by designation.

## OPINION

By OVERMYER, J.

We are clearly of the opinion that, under the facts here disclosed, the decree of February 23, 1929, was a finality, as to all issues presented, or that might have been presented. The claim for alimony having been abandoned by the plaintiff in the divorce hearing, no order was made with respect to alimony, and not a word said in the decree about alimony. If the plaintiff was dissatisfied with that decree, she could have prosecuted error thereto. It may be true, in certain circumstances, that when an order is made respecting alimony in the divorce hearing, it becomes a matter over which the court has continuing jurisdiction, but in this case there was no order respecting alimony. The husband, it is true, was barred of dower in the wife's real estate, but this was not an order respecting alimony, and was not so designated.

Our views, above expressed, are supported by the following authorities:

Feteraine v Thomas, 28 Oh St, 595;
Mengert v Brinkerhoff, 67 Oh St, 489;
Weidman v Weidman, 57 Oh St, 101;
Cincinnati v Pearson, 57 Oh St, 143;
Law v Law, 64 Oh St, 375;
Hesseurek v Markbreit, 68 Oh St, 580;
Gilbert v Gilbert, 83 Oh St, 271;
Lewshitz v Lewshitz, 35 Oh Ap, 189 (8 Abs 232).

Under the authorities above cited and the facts of this case, the judgment of the trial court is reversed and the cause remanded to that court with directions to overrule the motion for modification of the decree and allowance of alimony.

Reversed and remanded.

LLOYD and KLINGER, JJ, concur.